# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **GREGORY THOMAS**<br><br>**Plaintiff,**<br><br>v.<br><br>**TERRY LINZ SEARS; and ALL PRO INC.**<br><br>**Defendants.** | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE<br><br>JURY TRIAL DEMANDED |

_____

## COMPLAINT
_____

Plaintiff, Gregory Thomas, an individual of the age of majority and a resident of Westwego, Louisiana, respectfully complains and represents the following:

## I.   PARTIES

1.   Plaintiff, Gregory Thomas, is an individual of the age of majority and a resident of the City of Westwego, located in Jefferson Parish, Louisiana.  At all times pertinent hereto, Gregory Thomas was an independent contractor driving an eighteen-wheeler tractor trailer for TCI Trucking, Inc., a Louisiana company licensed to do and doing business in the City of New Orleans, located in Orleans Parish, Louisiana.

1

2. Terry Linz Sears, made Defendant herein, is an individual of the age of majority and a resident of the City of Eutaw, located in Greene County, Alabama.

3. All Pro, Inc., made Defendant herein, is a domestic corporation authorized to do and doing business in the City of Northport, located in Tuscaloosa County, Alabama. At all times pertinent hereto, All Pro, Inc., was the employer of Defendant, Terry Linz Sears, and is therefore liable for the torts of its employee, Sears, under the doctrine of *respondeat superior*.

## II.   JURISDICTION

4. This Court has diversity jurisdiction over this lawsuit pursuant to 28 USC § 1332, as it involves parties that are diverse in citizenship and the amount in controversy is greater than $75,000.

## III.   VENUE

5. Venue is proper in this district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## IV.   FACTS

6. On October 8, 2016, Greg Thomas was driving an eighteen-wheeler tractor trailer in Tuscaloosa, Alabama, while on a work assignment for TCI Trucking, Inc.

7. At the same time and place, Terry Linz Sears, made Defendant herein, was driving an eighteen-wheeler tractor trailer in Tuscaloosa, Alabama, for or otherwise on behalf of Defendant, All Pro, Inc.

8. While Mr. Thomas was legally stopped in his vehicle at a red light on McFarland Blvd. near the intersection of Lurleen Wallace Blvd., and abiding by all rules of the road, Mr. Sears was driving towards Mr. Thomas's vehicle from behind. As Mr. Sears approached, he failed to properly apply the brakes to his tractor trailer and suddenly, unexpectedly, and without warning, slammed his vehicle into the back of Mr. Thomas's trailer. The crushing impact was situated squarely to the rear end of Mr. Thomas's vehicle and caused Mr. Thomas severe and devastating personal injuries.

9. The impact also caused extensive property damage to both tractor trailers involved in the collision. Both the Thomas tractor trailer and the Sears tractor trailer were towed from the location of the collision due to the severity of the damage to the vehicles.

10. Mr. Thomas was rushed by ambulance to the hospital for treatment for his injuries and sought extensive medical treatment in the months following the collision.

11. Mr. Thomas was diagnosed with a number of injuries which were causally attributed to the subject collision, including bulging at his C6-7 disc,

3

protrusion at his L4-5 disc, protrusion at his T11-12 disc, herniation to his L5-S1 disc, headaches, back pain, neck spasms, lumbar spasms, thoracic spasms, lumbar tenderness, cervical tenderness, cervicalgia, sciatica, lower back pain, back and neck sprains, radiating pain, lumbar radiculopathy, and trapezius tenderness.

12. Mr. Thomas missed seven months of work due to the subject collision and has suffered lost wages for such time as he was unable to work.

13. Although Mr. Thomas has returned to work, he has suffered an inability to work to the same extent as he was able to before the collision occurred, which has caused him decreased earnings and a loss of earning capacity.

14. In addition to seeking regular medical treatment for his injuries, Mr. Thomas has had to undergo a series of painful epidural steroid injections to alleviate his pain.

15. Mr. Thomas continues to suffer pain and discomfort relating to injuries he sustained due to the subject collision.

16. Mr. Thomas has been recommended to undergo a life-changing Transforaminal Lumbar Interbody Fusion and decompression (TLIF) surgery due to the injuries he sustained in the subject collision. Recovery from this invasive procedure will be painful and may take several months, during which time Mr. Thomas will require additional medical treatment, therapy, and miss more time from work.

## V.     FIRST CAUSE OF ACTION – NEGLIGENCE
(AGAINST BOTH DEFENDANTS)

17. Plaintiff reincorporates and re-alleges all of the preceding paragraphs as if pled hereunder *in extenso*.

18. The sole and proximate cause of the above-referenced collision was the negligence and fault of the Defendants, Terry Linz Sears and All Pro, Inc., which includes but is not limited to the following non-exclusive particular acts:

   a. Failure to maintain reasonable and proper control of the vehicle which Mr. Sears was operating;

   b. Driving at a speed greater than was legal, reasonable, and/or prudent under the circumstances;

   c. Operating his vehicle in a careless and/or reckless manner without regard for the safety of others;

   d. Failing to properly operate a motor vehicle in a safe and prudent manner;

   e. Failing to keep a good and careful lookout;

   f. Failing to follow state traffic and safety laws and regulations;

   g. Failing to prevent incidents such as the one that forms the basis of this litigation from occurring;

   h. *Respondeat superior*;

    i. Negligence per se;

    j. Negligent hiring, training, management, and/or supervision;

    k. Negligent entrustment; and,

    l. Any and all other acts of negligence that may be proven at the trial of this matter.

19. Defendants negligently breached the legal duties owed to Plaintiff; which negligence proximately caused the Plaintiff's damages.

### VI.     **SECOND CAUSE OF ACTION – WANTONNNESS**
(AGAINST DEFENDANT SEARS)

20. Plaintiff reincorporates and re-alleges all of the preceding paragraphs as if pled hereunder *in extenso*.

21. Defendant Sears acted with a reckless/conscious disregard for the rights and/or safety of Plaintiff by operating an eighteen-wheeler tractor trailer in the manner recited herein.

22. Defendant had knowledge of existing conditions and consciously acted or failed to act knowing that injury would likely or probably result. Defendant is guilty of wanton conduct by acting with reckless indifference to the consequences and by committing the wrongful acts outlined above.

23. Accordingly, Defendant's wanton conduct proximately caused the Plaintiff's damages.

## VI.   DAMAGES

24.   Plaintiff reincorporates and re-alleges all of the preceding paragraphs as if pled hereunder *in extenso*.

25.   As a result of the actions of Mr. Sears and All Pro described above, Mr. Thomas suffered severe and substantial personal injuries.

26.   Mr. Thomas asserts claims and is entitled to recover a reasonable amount of damages for his:

    a. Past, present, and future physical pain and suffering;

    b. Past, present, and future mental pain and anguish;

    c. Loss of enjoyment of life;

    d. Physical injuries and permanent ailments and disabilities;

    e. Past and future medical expenses and other related past and future expenditures;

    f. Lost wages;

    g. Diminished wages;

    h. Loss of earning capacity;

    i. Punitive damages; and,

    j. All other losses and damages that may be demonstrated and established at the trial of this matter.

## VII.  JURY DEMAND

27.  Plaintiff, Gregory Thomas, requests a trial by jury on all issues so triable.

## VIII.  REQUEST FOR RELIEF

28.  **WHEREFORE**, Plaintiff, Gregory Thomas requests that the parties made Defendants in this Complaint, Terry Linz Sears and All Pro, Inc., be duly cited and served with a copy of this Complaint and, after all due proceedings, there be judgment rendered in favor of Plaintiff and against the Defendants, jointly, severally, and *in solido* in amounts as are reasonable in the premises, including actual, general, special, compensatory, and punitive damages, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings. Complainant further requests all general and equitable relief as this Court may deem necessary or just.

Respectfully submitted:

*/s/ Grant H. Howard*
**GRANT H. HOWARD** (ASB-7231-R54H)
BOARDMAN, CARR, BENNETT, WATKINS, HILL & GAMBLE, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone:  205.678.8000
Facsimile:  205.678.0000
ghoward@boardmancarr.com

*-and-*

          */s/Michael S. Finkelstein*
          **SCOTT L. STERNBERG**, La. Bar No. 33390
          (*pro hac vice* application forthcoming)
          **MICHAEL S. FINKELSTEIN**, La. Bar No. 35476 (*pro hac vice* application forthcoming)
          STERNBERG, NACCARI & WHITE, LLC
          643 Magazine Street, Suite 402
          New Orleans, Louisiana 70130
          Telephone: 504.324.2141
          Facsimile:   504.534.8961
          scott@snw.law | michael@snw.law

          ***Counsel for Gregory Thomas***


PLAINTIFF REQUESTS THIS COMPLAINT BE SERVED BY THE CLERK VIA CERTIFIED MAIL TO THE FOLLOWING DEFENDANTS, RETURN RECEIPT REQUESTED

**TERRY LINZ SEARS**
522 Banks Avenue
Eutaw, Alabama 35462

**ALL PRO, INC.**
Through its registered agent for service:
Darrell W. Watkins
3828 McFarland Blvd
Northport, Alabama 35476